UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ASHLEY DIGGS, | Case No. 22-cv-04070-JSW |
|---|---|
| Plaintiff, | |
| v. | **ORDER DISMISSING COMPLAINT WITH FINAL LEAVE TO AMEND** |
| NORDSTROM, | Re: Dkt. Nos. 10-11, 13 |
| Defendant. | |

On July 29, 2022, Magistrate Judge Van Keulen issued an Order granting Plaintiff's application to proceed *in forma pauperis* and dismissing Plaintiff's complaint with leave to amend ("7/29/22 Order"). Judge Van Keulen noted that "at least some of the conduct about which Plaintiff complains may stem from an employment dispute, a complaint of discrimination on the basis of race, and/or allegations of other deprivations of rights" but determined it did not satisfy the liberal pleading requirements of Federal Rule of Civil Procedure 8(a). (7/29/22 Order at 3:4-8.) Judge Van Keulen advised Plaintiff that if she chose to amend, she would be required to (1) identify the Defendant(s); (2) identify the relationship between Plaintiff and the Defendant(s); (3) explain in further detail the circumstances of the alleged incident; and (4) explain how Plaintiff exhausted her administrative remedies, if required. (*Id.* at 3:12-16.) Plaintiff's amended complaint was due by August 31, 2022. Because Plaintiff did not consent to proceeding before Judge Van Keulen, the matter was reassigned to the undersigned judge.

Plaintiff did not file an amended complaint by August 31, 2022. On September 6, 2022, she filed a stipulation and proposed order selecting an ADR process and attached a handwritten statement, which outlines the facts that purport to support her claim and states that she was "singled out and harassed due to [her] race." (Dkt. No. 10 at 4.) Plaintiff also filed a right to sue

notice issued by the U.S. Equal Opportunity Commission.  (Dkt. No. 11.)

Because Plaintiff did not identify with clarity the Defendant (or Defendants) in this case, her relationship to the Defendant(s), or the statutes or legal theories upon which her claims were based, the Court extended Plaintiff's time to file an amended complaint to October 7, 2022.  The Court also provided Plaintiff with links to the Court's website containing a pleading packet and information about the Volunteer Legal Help Center.  (Dkt. No. 12.)

On September 21, 2022, Plaintiff filed an amended complaint that identifies "Bluecrew" as an agency that set up a job with Nordstrom.  Plaintiff alleges that Nordstrom violated Title VII and that Bluecrew violated 42 U.S.C. section 1981 "because of facilitating the discriminatory acts by Nordstrom."

Although the various documents provide more information about Plaintiff's claims, the Court dismisses with one final opportunity to amend.  Plaintiff also must file proposed summons with her amended complaint.  Plaintiff shall use the form complaint and the proposed summons, both of which are available in the General Complaint Packet, located at https://cand.uscourts.gov/pro-se-litigants/legal-help-center-templates-packets, and a copy of which shall be served on Plaintiff with this Order.  Plaintiff shall file out these documents completely.

The Court also advises Plaintiff that the Court's website contains other helpful information about how to proceed without a lawyer (https://www.cand.uscourts.gov/pro-se-litigants.)

In addition, Plaintiff may wish to contact the Volunteer Legal Help Center by emailing fedpro@sfbar.org or by calling the appointment line at 415-782-8982.  The attorney at the Legal Help Center can provide information, advice, and basic legal help but cannot represent litigants as their lawyer.

Plaintiff shall file an amended complaint by no later than October 28, 2022.

**IT IS SO ORDERED**.

Dated: September 27, 2022

_____
JEFFREY S. WHITE
United States District Judge

2